## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD GOTTFRIED,<br>Plaintiff | : | CIVIL ACTION NO. |
| V. | : | |
| BRAVO'S LIMOUSINE, LLC<br>Defendant | : | February 15, 2017 |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for compensatory damages, liquidated damages, punitive damages and attorney's fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58 *et seq.* ("CMWA").

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. Section 1331.

3. This Court has jurisdiction over Plaintiff's CMWA claims pursuant to 28 U.S.C. Section 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is proper in this district under 28 U.S.C. Section 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

### III. PARTIES

5. Plaintiff, Richard Gottfried ("Gottfried"), is an individual residing in Norwalk, Connecticut. At all times relevant to this Complaint, Gottfried was an employee of Defendants, as that term is defined in the FLSA and CMWA.

6. Defendant, Bravo's Limousine, LLC ("BLL"), is a Connecticut corporation with a principal place of business located at 365 Delavan Avenue, Greenwich, Connecticut. At all times relevant to this Complaint, BLL was the employer of Gottfried and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

### IV. FACTS

7. Defendant provides limousine services through offices located in Greenwich, Connecticut.

8. At all times relevant to this Complaint, Gottfried was employed by Defendant as a Limousine Driver, responsible for picking up and driving Defendant's customers to various locations in Connecticut, New York and New Jersey.

9. During the time between job assignments, Gottfried was required to wait and be on call. The time spent waiting was compensable time under the law since he was not free to engage in personal activities and the waiting time was primarily for the benefit of Defendant.

10. For each job assignment, Gottfried was required by Defendant to be at the pick-up location at least 15 minutes before the scheduled pick-up time.

11. Gottfried also was required by Defendant to perform various non-driving tasks, including but not limited to ensuring that his vehicle was cleaned and serviced.

12. Gottfried customarily and regularly worked more than 40 hours per week, but was not paid overtime compensation at a rate of one-and-one-half times his regular rate of pay for all hours over 40 per week, as required by the FLSA and the CMWA. Instead, he was paid the same rate for his work even when he worked beyond 40 hours in a week.

13. For example, in the week ending on April 9, 2016, Gottfried worked at least 45 hours, including waiting time between jobs and driving from one job to another.

14. This week was typical of Gottfried's work weeks during the period of the claim.

15. Defendant knew or should have known that Gottfried worked more than 40 hours per week, as he received all job assignments through Defendant's dispatchers and at all times during the work day was required by Defendant to be in contact with them.

16. Defendant knew or should have known that its pay practices for Limousine Drivers violated the FLSA and the CMWA, as the SAFETEA-LU Technical Corrections Act of 2008, PL 110-244, enacted June 6, 2008, removed Limousine Drivers who cross state lines from coverage of the "Motor Carrier Exemption" to the FLSA. Said Act was widely publicized within the transportation industry, yet Defendant took no steps to ensure its compliance with the FLSA and CMWA.

17. A reasonable investigation by Defendant would have revealed to it that Limousine Drivers, including Gottfried, were entitled to overtime pay.

## V. COUNT ONE – VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

18. Based on the foregoing, Defendant's conduct in this regard was a willful violation of the FLSA, in that Defendant knew or should have known that Gottfried was entitled to be paid one-and-one-half times his regular rate of pay for all hours worked in excess of forty per week, but failed to do so.

19. Accordingly, Gottfried is entitled to compensation at one–and-one-half times their regular rate of pay for all hours worked in excess of forty per week, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. Section 216(b).

## VI. COUNT TWO – VIOLATION OF THE OVERTIME PROVISIONS OF THE CMWA

20. Based upon the foregoing, Defendant's conduct in this regard was a violation of the CMWA.

21. Accordingly, Gottfried is entitled to compensation at one–and-one-half times his regular rate of pay for all hours worked in excess of forty per week, penalty damages, attorneys' fees, and court costs, pursuant to Connecticut General Statutes Section 31-68.

## VIII. DEMAND FOR RELIEF

Plaintiff claims:

a. Unpaid overtime wages under the FLSA and CMWA;

b. Liquidated damages under the FLSA;

c. Penalty damages under CMWA;

d. Compensatory damages;

e. Punitive damages;

f. Interest and costs;

g. Attorneys' fees under the FLSA and CMWA; and

h. Such other and further relief as the Court deems just and equitable.

Plaintiff, RICHARD GOTTFRIED

By: */s/ Anthony J. Pantuso, III*
Anthony J. Pantuso, III
Fed. Bar No. ct11638
The Hayber Law Firm, LLC
900 Chapel Street, Suite 620
New Haven, CT 06510
(203) 691-6491
(860) 218-9555 (facsimile)
apantuso@hayberlawfirm.com
Attorneys for the Plaintiff